Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 64} I concur in the majority opinion except for its reversal of the judgment of the court of appeals as it applies to American Southern. I would hold that the exclusionary language in the American Southern policy is not materially different from the language in the other policies and would therefore affirm the decision below.
{¶ 65} The American Southern policy reads:
{¶ 66} “Liability and Medical Payment Coverage does not apply to ‘bodily injury’ or ‘property damage’ which results directly or indirectly from * * * an intentional act of any ‘insured’ or an act done at the direction of any ‘insured.’ ”
{¶ 67} The exclusion cannot be as broad as envisioned by the majority. Most accidents are the result of intentional acts- — -it is the result that is unintended. If a homeowner intentionally leaves his rake in the yard with the intention of returning to his gardening after a short water break and a neighbor steps on the rake and punctures his foot and breaks his nose, is there no coverage? Here, as in the other policies, the exclusion applies to instances where the insured intends to cause harm. Otherwise, there would be no coverage for any injury that resulted from any waking, nonreflexive act of an insured.
Brown, C.J., concurs in the foregoing opinion.